UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MARTINEZ, ET AL., | Case No. EDCV 26-04275-KK (ACCVx) |
| Plaintiff(s), | |
| v. | **CIVIL STANDING ORDER** |
| RIVERSIDE COUNTY, ET AL., | |
| Defendant(s). | |

**PLEASE READ THIS ORDER CAREFULLY.  IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

"To secure the just, speedy, and inexpensive determination of every action and proceeding," FED. R. CIV. P. 1, all counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure, the Local Civil Rules of the Central District of California, and this Court's Orders.[1]  "Counsel," as used in this order, includes parties appearing pro se.  This Court does not exempt parties appearing pro se from compliance with any of the Local Rules, including Local Rules 16 and 7-3.

---

[1]   Copies of the Local Rules are available on the Central District of California website at http://www.cacd.uscourts.gov.  In addition, Counsel shall review and comply with Judge Kato's Schedule and Procedures, available at https://apps.cacd.uscourts.gov/Jps/honorable-kenly-kiya-kato.

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

## I.   CIVILITY AND PROFESSIONALISM

The Court expects counsel to treat each other, the parties, and the Court, including Court staff, with dignity and respect.  As set forth in the preamble to the Central District of California's Civility and Professionalism Guidelines, "[u]ncivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests.  Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society.  For these reasons, . . . civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the administration of justice."  For more detailed guidance, counsel are advised to refer to the Civility and Professionalism Guidelines, which can be found at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

## II.   SERVICE OF THE COMPLAINT

Plaintiff(s) shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and file proofs of service pursuant to the Local Rules.  This Order serves as notice pursuant to Federal Rule of Civil Procedure 4(m) that failure by plaintiff(s) to file a timely proof of service of the summons and complaint will result in the dismissal of the case for failure to prosecute.  In addition, any defendant(s) not timely served will be dismissed from the action without prejudice and any "Doe" or fictitiously named defendant who is not identified and served within ninety (90) days after the case is filed will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

## III.   CONSENT TO A MAGISTRATE JUDGE

Under 28 U.S.C. § 636, the parties may consent to have a magistrate judge preside over all proceedings, including trial.  The magistrate judges who accept those

designations are identified on the Central District's website at http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges, which also contains a link to the consent form CV-11D. The parties can select a participating magistrate judge from any of the three divisions in the Central District of California. In addition, magistrate judges do not handle felony criminal trials; therefore, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in most cases, a magistrate judge may be able to assign a more flexible trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Parties wishing to consent to a magistrate judge shall complete and attach Form CV-11D (*Statement of Consent to Proceed Before a United States Magistrate Judge*) to a Notice of Lodging of Consent Form, which shall be e-filed as required by Local Rule 5-4.4 as a proposed document.

**IV.   ALTERNATIVE DISPUTE RESOLUTION**

No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference under the Court-Directed Alternative Dispute Resolution ("ADR") Program (Local Rule 16-15.4) and complied with Local Rule 16-15.5.

**Upon receipt of oral or written notice that a case has settled, the Court will administratively close the case and if no agreed final order or judgment is thereafter submitted within thirty (30) days, or if no party files a motion to reopen within such time, the case shall, without further order, stand dismissed with prejudice.**

**V.   DISCOVERY**

Parties are to commence discovery as soon as the first answer or motion to dismiss is filed. The parties should note that, unless otherwise ordered, **discovery will not be stayed while any motion is pending**, including any motion to dismiss,

3

motion for protective order, or motion to stay.  Similarly, **discovery will not be stayed pending completion of the Court's mandatory ADR requirement**.

Whenever possible, the Court expects counsel to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner.  Discovery disputes should, therefore, be limited to those rare occasions where the parties cannot resolve a matter despite diligent and good faith efforts to meet and confer.

All discovery matters have been referred to the assigned magistrate judge, who will hear all discovery disputes.  The magistrate judge's initials follow the district judge's initials next to the case number.  All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are directed to review the magistrate judge's Procedures and Schedules on the Central District's website to schedule discovery matters for hearing.  Discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules of the Central District of California.  In particular, counsel must strictly comply with Civil Local Rule 37, including the meet and confer and joint stipulation requirements.  Counsel are expressly cautioned that failure to comply with or cooperate in the Local Rule 37 procedures and/or the filing of frivolous motions may result in the imposition of sanctions.  See FED. R. CIV. P. 11; L.R. 37-4.

In accordance with 28 U.S.C. § 636(b)(1)(A), the magistrate judge's decision shall be final, and this Court will not reverse any order of the magistrate judge unless it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  FED. R. CIV. P. 72(a).  Any party may file and serve a motion for review and reconsideration before this Court.  See L.R. 72-2.  The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or an oral ruling that the magistrate judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law, and the claim must be supported by points and authorities.

In addition, the magistrate judge does not have authority to order discovery after the discovery cut-off or to continue the discovery cut-off.  See United States v. Celgene Corp., No. CV 10-3165-GHK-SSx, 2015 WL 9661172, at *1 (C.D. Cal. Oct. 16, 2015) (holding a magistrate judge "does not have the authority to order discovery after the deadline set by the District Judge").  Accordingly, any stipulations or motions to continue discovery deadlines shall be separately filed and noticed for hearing before Judge Kato.  However, **the Court is not inclined to grant any extensions of the discovery or other case-related deadlines.  The parties are, therefore, directed to conduct any necessary discovery as soon as possible.**

## VI.   ARTIFICIAL INTELLIGENCE

Any party who uses generative artificial intelligence (such as ChatGPT, Harvey, CoCounsel, or Google Bard) to generate any portion of a motion, brief, pleading, or other filing must attach to the filing a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations.  Non-compliance and/or citations to non-existent or inaccurate sources will result in sanctions of $500 for an initial violation and $500 for each subsequent violation.  All counsel are reminded of their ongoing obligation to ensure all representations to the Court are "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." FED. R. CIV. P. 11(b).

## VII.   MOTIONS – GENERAL REQUIREMENTS

### 1.   Time for Filing and Hearing Motions

This Court hears civil motions on Thursdays, beginning at 9:30 a.m.  If Thursday is a court holiday, motions will be heard on the next Thursday.  It is not necessary to clear a hearing date with the Court Clerk before filing a motion.  Counsel must check the Court's website for Closed Motion Dates.  If the motion date selected is not available, the Court will issue a minute order continuing the date.

5

Adherence to the timing requirements is mandatory for chambers' preparation of motion matters.  The parties may stipulate to a different briefing schedule, so long as the schedule provides at least two weeks between the filing of the reply and the hearing date.

**If the parties are able to resolve the issue, or if a party intends to withdraw or declines to oppose a motion, the Court must be notified as soon as possible, but no later than seven days before the hearing date.  Failure to oppose a motion will likely result in the motion being granted immediately after the opposition would have been due.**  See L.R. 7-12.

### 2. Pre-Filing Conference Requirement

Counsel for the parties shall meet and confer pursuant to Local Rule 7-3, which requires "counsel contemplating filing of any motion" to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  The parties must discuss in real-time all issues to be raised in the motion, as well as the law and evidence relevant to those issues, so that the parties' briefing reflects that they are fully cognizant of the other side's position(s).  Letters and e-mail are insufficient to satisfy the prefiling conference requirements of Local Rule 7-3.  The notice of motion must include a statement of compliance with Local Rule 7-3.  The Court may strike or summarily deny a motion if counsel fails to adequately meet and confer in good faith.

### 3. Proposed Orders

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge – at the time the moving or opposition papers are filed – a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.  In addition, a copy of the proposed order in Word format shall be e-mailed to chambers at kk_chambers@cacd.uscourts.gov on the day the document is e-filed.

## VIII.  SPECIFIC MOTIONS

### 1.  Motions for Class Certification

The parties in a putative class action are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously.  For any action purporting to commence a class action, other than an action subject to the Private Securities Litigation Reform Act of 1995, plaintiff(s) shall file a motion for class certification no later than 100 days from the set date of the scheduling conference, regardless of whether the scheduling conference is later vacated.  This deadline will be continued only upon a showing of due diligence and good cause.

### 2.  Motions to Dismiss or Strike

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment.  See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment).  Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires."  FED. R. CIV. P. 15(a).  Indeed, the Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading.  The Court expects that, in most instances, the parties will agree to any amendment that would cure the defect.

### 3.  Motions to Amend

In addition to complying with the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; and (2) identify the page and line number(s) and wording of any proposed change or addition of material.

The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings (e.g., "Second Amended Complaint" or "Third Amended Answer and Counterclaims").  In addition to Local Rule 15-1's requirement of electronic lodging of the proposed amended pleading as a document separate from the motion, counsel shall attach as an appendix to the moving papers a "redlined" version of the proposed amended pleading, indicating all additions and deletions of material.

### 4.    Continuances or Extensions of Time

Requests for continuances will not be granted routinely.  Counsel must submit any request for a continuance or extension of time no later than five (5) court days prior to the expiration of the scheduled date.  Requests to continue dates that have passed will be denied.  Stipulations extending scheduling dates set by this Court are not effective unless approved by the Court.  **The caption of any request for a continuance or extension of time shall indicate how many previous extensions have been requested (e.g., First, Second, Third, etc. Request for Extension).**

Counsel requesting a continuance must submit a properly noticed motion or stipulation, with a detailed declaration that demonstrates good cause as to why the change in the date is essential, and a proposed order.  The motion or stipulation must also indicate whether there have been any previous requests for continuances and whether those requests were granted or denied by the Court.  Any continuances that are requested without an accompanying declaration will be rejected without further notice to the parties.

If it is necessary to file an ex parte application seeking an extension of any deadlines, the application must be accompanied by a declaration setting forth the reasons for the requested extension of time.  The declaration must also indicate whether there have been any previous requests for continuances and whether those requests were granted or denied by the Court.

The Court sets firm dates and will **not** change them without a showing of good cause.  Such a showing generally requires unforeseeable circumstances and a showing of diligence by the parties in pursuing discovery.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

### 5.    Ex Parte Applications

Counsel are reminded that ex parte applications are solely for extraordinary relief and are discouraged.  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 488 (C.D. Cal. 1995).  A party seeking ex parte relief must show: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief," or "the crisis occurred as a result of excusable neglect."  Id. at 492.  Applications that do not meet the requirements set forth in Local Rule 7-19 will not be considered.  Sanctions may be imposed for misuse of ex parte applications.  The Court considers ex parte applications on the papers and usually does not set these matters for hearing.

The moving party shall file and serve the opposing party by electronic mail or hand delivery and shall notify the opposing party that opposing papers must be filed not later than twenty-four hours following such electronic mail or hand service.  The twenty-four-hour clock runs on business days only.

The moving party's declaration in support of an ex parte application shall demonstrate compliance with Local Rule 7-19 and this Order.  Failure to comply with the Local Rules and this Order will result in the application being denied.

If a party does not intend to oppose an ex parte application, the party must inform the CRD as soon as possible but not later than twenty-four hours following service.  Unless otherwise ordered, reply briefs are not allowed and will be stricken.

///

///

9

### 6. TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 65.  **The caption of any such request for relief shall indicate whether the request is "Unopposed" or "Opposed."**  The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served, unless service is excused.  Such party may file opposing or responding papers in the interim.

### 7. Summary Judgment Motions

Each side is allowed one motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.  To the extent it is appropriate based on undisputed facts and controlling principles of law, the court may sua sponte enter summary judgment for the nonmoving party.

Counsel should not wait until the motion cut-off to file their motion for summary judgment or partial summary judgment.  All potentially dispositive motions shall comply with the requirements set forth in the Court's Civil Trial Scheduling Order.

### 8. Motions for Default Judgment

Unless otherwise ordered, motions for default judgment shall be filed no later than 14 days after the later of (1) entry of default against the last remaining defendant, or (2) resolution of all claims against all defendants who have not defaulted.  A motion for default judgment must include a showing of both subject matter jurisdiction and personal jurisdiction.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

### 9. Motions for Attorney's Fees

Motions for attorney's fees shall be electronically filed and set for hearing according to Local Rule 6-1 and this Order.  Any motion or request for attorney's fees

shall attach a summary, in table form, of the hours worked by and billing rate of each attorney with title (e.g., partner, counsel, associate, etc.).

The table shall include a summary of the hours worked by each attorney, organized by attorney.  The table shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.  If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

The table shall be attached to the motion and electronically filed.  The courtesy copies of the table shall be prepared in Excel, have all restrictions removed so the spreadsheets can be edited, and be emailed to opposing counsel and the Court's chambers email address at kk_chambers@cacd.uscourts.gov.

An opposing party shall specify its objections to the fee requests and time spent in the form set forth below:

| ATTORNEY | DATE | DESCRIPTION | TIME CHALLENGED | REDUCE BY | OBJECTION | REASON FOR OBJECTION |
|---|---|---|---|---|---|---|
| J. Doe | 1/21/21 | T/C with consultant | 3.0 | 3.0 | Vague | Fails to articulate who the consultant was and what the conversation concerned. |
| S. Roe | 2/1/21 | Research Notice of Related Cases | 2.5 | 2.3 | Excessive | Notice of Related Cases is a form document. Attorney S. Roe should not charge for basic research. |
| J. Doe | 2/21/21 | Calendared dates | 1.3 | 1.3 | Clerical work | Attorney cannot charge for clerical work. |

///

11

## IX.    CASES REMOVED FROM STATE COURT

Any answers filed in state court must be re-filed in this Court separately as a supplement to the Notice of Removal.  Any pending motions must be re-noticed in accordance with Local Rule 6-1.  If a removed action contains a "form pleading," i.e., a pleading in which boxes are checked, the party or parties that filed the form pleading must file an appropriate pleading with this Court within thirty (30) days of the filing of the notice of removal.  If a responsive pleading is required, the responsive pleading shall be filed in accordance with the Federal Rules of Civil Procedure.

This Court adheres to the following procedures when a complaint with fictitiously named defendants is removed to this Court on diversity grounds.  See 28 U.S.C. §§ 1441(a) and 1447.

(a)    Plaintiff(s) must ascertain the identity of and serve any fictitiously named defendants before the date of the Rule 16(b) scheduling conference.  The Court generally will dismiss "Doe" defendants on or after the date of the scheduling conference, as they prevent the Court from accurately tracking its cases.

(b)    If plaintiff(s) believe (by reason of the necessity for discovery or otherwise) that all fictitiously named defendants cannot be identified within that period, a request to extend the time must be made in the Joint Rule 26(f) Report.  Counsel should state the reasons why fictitiously named defendants have not been identified and served.

(c)    If plaintiff(s) want to substitute a defendant for one of the fictitiously named defendants, plaintiff(s) must first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel).  If consent is withheld or denied, plaintiff(s) should file a regularly noticed motion.  The motion and opposition should address whether the matter should thereafter be remanded to the superior court if diversity is destroyed by the addition of the newly substituted party.  See 28 U.S.C. §§ 1447(c) and (e).

## X.    ERISA CASES INVOLVING BENEFITS CLAIMS

The Court may issue an Order Setting Scheduling Conference as a matter of course in ERISA cases involving benefits claims.  However, because the ordinary pretrial and trial schedule does not apply to these cases, the parties need only submit a Joint Status Report identifying any special issues that should be considered.

The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint.  If necessary, the Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record.  Counsel are discouraged from filing motions for summary judgment or partial summary judgment for a merits determination.  See Kearney v. Standard Ins. Co., 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc) (noting the difference in procedures between Rule 56 and Rule 52).  A bench trial, ordinarily limited to oral argument on the administrative record, will be scheduled within six months from the filing of the original complaint, unless good cause for additional time is shown in the Joint Status Report.  If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

## XI.    NOTICES OF UNAVAILABILITY

A "Notice of Unavailability" has no force or effect in this Court and should not be filed.  The filing of such a document may result in sanctions.  The Court nonetheless expects that counsel will conduct themselves appropriately and will not deliberately schedule Court or other proceedings when opposing counsel are unavailable.

## XII.  COMMUNICATIONS WITH CHAMBERS

Counsel must not attempt to contact the Court or its chambers staff by telephone or by any other ex parte means unless contact has been first initiated by chambers staff.  Counsel may contact the courtroom deputy clerk with appropriate inquiries.  The preferred method of communication with the courtroom deputy clerk

is through the Court's chambers email address at kk_chambers@cacd.uscourts.gov. All counsel shall be included on any communications with the courtroom deputy clerk. In addition, to facilitate communication with the courtroom deputy clerk, counsel should list their email addresses along with their telephone numbers on all papers.

## XIII.  PRESENCE OF LEAD COUNSEL

Lead trial counsel must attend any proceeding set by this Court, including all scheduling, pretrial, and settlement conferences. Only ONE attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court. Counsel should not claim to be co-lead trial counsel for the purpose of avoiding this requirement. If counsel purport to be co-lead trial counsel, both must attend the pretrial conference. Unless lead trial counsel's absence is excused by the Court for good cause no less than five (5) court days in advance of the hearing, or is due to an emergency that prevented prior notice, the Court reserves the right to designate the attorney handling such proceeding as lead counsel for all purposes. Failure of lead counsel to appear will be grounds for sanctions.

## XIV.  INTERPRETER SERVICES

Counsel in civil actions are responsible for arranging for the services of an interpreter. The Interpreter's Office may be reached at (213) 894-4599.

## XV.  CHAMBERS COURTESY COPIES

**The Court does not require chambers copies of any motion papers or exhibits and discourages the parties from sending chambers courtesy copies, with the following exceptions:** the Court requires (1) one mandatory chambers copy of motions for summary judgment and motions for class certification, as well as any associated briefing, including oppositions and replies, and (2) one mandatory chambers copy of overlength briefs when the Court has granted a party's request for leave to file an overlength brief. Chambers copies shall be delivered to Judge Kato's "Mandatory Chambers Copies" box, located on the third floor of the George E.

Brown Federal Building, 3470 Twelfth Street, Riverside, CA 92501.  A mandatory chambers copy must comply with Local Rule 11-3 (i.e. font size, page numbering, exhibit tabbing, etc.) but **need not be blue-backed**.  The mandatory chambers copy must be prominently labeled MANDATORY CHAMBERS COPY on the face page.

## XVI.  GUIDANCE FOR <u>PRO SE</u> LITIGANTS

Parties proceeding <u>pro se</u>, i.e., without an attorney, often face special challenges in federal court.  The Public Service Law Corporation runs a free Federal Pro Se Clinic at the following federal courthouses where <u>pro se</u> litigants can get information and guidance:

(1)     Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.  The Los Angeles location of the clinic operates by appointment only.  <u>Pro se</u> litigants may schedule an appointment either by calling the clinic at (213) 385-2977, ext. 270, or submitting an internet request at http://prose.cacd.uscourts.gov/los-angeles.  Clinic staff can respond to many questions with a telephonic appointment or through email.  It may be more convenient to email your questions or schedule a telephonic appointment.  Staff can also schedule you for an in-person appointment.

(2)     George E. Brown Federal Building, 3470 Twelfth Street, Room 125, Riverside, CA 92501.  For more information, <u>pro se</u> litigants may call (951) 682-7968 or visit http://prose.cacd.uscourts.gov/riverside.

(3)     Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Room 1055, Santa Ana, CA 92701.  For more information, <u>pro se</u> litigants may call (714) 541-1010, ext. 222, or visit http://prose.cacd.uscourts.gov/santa-ana.

Further information about the Federal Pro Se Clinic may be found on the Court's website at https://prose.cacd.uscourts.gov/.

///

///

## XVII. NOTICE

Counsel for plaintiff(s) or plaintiff(s) (if appearing on their own behalf) shall immediately serve this Order on all parties, including any new parties to the action.  If this case was removed from state court, the removing defendant(s) shall serve this Order on all other parties.

The Court thanks the parties and their counsel for their anticipated cooperation in complying with these requirements.

**IT IS SO ORDERED.**

Dated:  August 10, 2026

HONORABLE KENLY KIYA KATO
United States District Judge

16